FARID GHILZAI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ghilzai v. Commissioner
Docket No. 13008-89
United States Tax Court
T.C. Memo 1991-136; 1991 Tax Ct. Memo LEXIS 155; 61 T.C.M. (CCH) 2247; T.C.M. (RIA) 91136; March 26, 1991, Filed *155 Decision will be entered for the respondent. Farid Ghilzai, pro se. Kevin G. Croke, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION Respondent determined deficiencies in and additions to tax as follows: Additions to tax,
Section
Year
Deficiency
6651 [1]
6653(a)(1)
6653(a)(1)(A)
6653(a)(2)
1985
$ 7,856
N/A $ 1,646
N/A * 1986
11,561
$ 2,646
N/A $ 1,836
N/A
1987
5,523
828
N/A 527
N/A
Year
6653(a)(1)(B)
6661
1985
N/A
$ 1,964
1986
*
2,890
1987
*
1,381
The issues for decision are (1) Whether petitioner is entitled to a loss deduction upon the repossession of an office condominium in taxable year 1987; (2) whether petitioner is entitled to employee business expenses in taxable year 1986; (3) whether petitioner *156 is entitled to business losses in taxable years 1985, 1986, and 1987; (4) whether petitioner is entitled to rental losses in taxable year 1985; (5) whether petitioner is entitled to a capital loss upon the repossession of a boat in taxable year 1986; (6) whether petitioner is entitled to the disallowed itemized deduction for taxable years 1985 and 1986; and (7) whether petitioner is liable for the additions to tax as determined by respondent. Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibit are incorporated by reference. Petitioner resided in Fremont, California, when the petition in this case was filed. In his Reply filed September 14, 1989, petitioner raised the defense "Respondent lacks the delegated authority to determine and issue a notice of deficiency under the provisions of Title 26, United States Code Section 6212." On March 13, 1990, petitioner filed a motion for dismissal of this case based on respondent's lack of delegated authority. After review of petitioner's lengthy Memorandum of Points and Authorities in Support of Petitioner's Motion to Dismiss and the voluminous exhibits attached thereto, the Court denied *157 this motion. The Court notes the arguments raised by petitioner are quite similar to tax protester arguments we have seen many times before. In a pretrial conference on May 15, 1990, petitioner again raised respondent's lack of delegated authority as a reason for dismissal. Petitioner also asserted the notice was arbitrary and capricious. During this conference, the Court reminded petitioner he had the burden of proof and of the prima facie correctness of the notice of deficiency. The Court also discussed other procedural points with the parties. Immediately subsequent to the pretrial conference, the trial of this case began. Petitioner presented no evidence except that which was included in the stipulation of facts. Instead, petitioner argued the notice was arbitrary and capricious and renewed his motion to dismiss because respondent lacks delegated authority to determine a deficiency. The Court denied petitioner's motion to set aside the notice. After giving respondent a chance to respond to petitioner's oral motion to dismiss based on lack of delegated authority, the Court denied that motion as well. Respondent then moved for dismissal for lack of proper prosecution. *158 The Court denied respondent's motion. Respondent also moved to bar petitioner from introducing any documents which were not supplied 15 days before trial as required by the Court's pretrial order. The Court reserved ruling until petitioner offered the documents into evidence. Petitioner never offered any documents into evidence except those he attached to the stipulation of facts. Petitioner also thought the documents he attached to his trial memorandum were in evidence. The Court explained they were not, but nevertheless petitioner made no attempts to offer those documents during trial. Respondent's determination in the notice of deficiency is presumptively correct, and petitioner bears the burden of proof. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). Petitioner has failed to offer any proof in support of his various deductions and losses disallowed by respondent. Petitioner has failed to offer any evidence to support this assertion that the various additions to tax determined by respondent do not apply. Accordingly, we hold for respondent. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. An amount to be determined↩